Craig A. McGLONE, Plaintiff,

v.

Jerry FANNIN, Individually and in his Official Capacity as Mayor of Prestonsburg, Kentucky; and City of Prestonsburg, Kentucky, Defendants.

No. CIV.A.99–205.

United States District Court,
E.D. Kentucky,
Pikeville.

April 21, 2000.

James J. Barrett, III, Pillersdorf, DeRossett & Barrett, Prestonsburg, KY, for Plaintiff.

Garry R. Kaplan, Michael P. Casey, Susan Lynn Maines, Kaplan Law Office, Lexington, KY, for Defendants.

## *ORDER*

HOOD, District Judge.

The defendants have moved this Court for summary judgment [Record No. 16]. The plaintiff has responded to this motion [Record No. 19] and the defendants have replied [Record No. 21]. The Court being sufficiently advised, this matter is now ripe for review.

### Standard of Review

In determining whether to grant a motion for summary judgment, the Court must view the facts presented in a light most favorable to the non-moving party. *See Kocsis v. Multi–Care Management, Inc.,* 97 F.3d 876, 882 (6th Cir.1996). If the Court finds that there is no genuine issue of material fact, summary judgment may be granted. *See Street v. J.C. Bradford,* 886 F.2d 1472, 1479 (6th Cir.1989).

The Sixth Circuit has held that "a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion." *Street*, 886 F.2d at 1478.

**Factual Background**

Plaintiff was hired as a police officer for the city of Prestonsburg in October, 1998. All parties agree, that while Plaintiff worked forty hours a week during November and December of 1998, Plaintiff was still officially listed as a "part time" employee. Plaintiff did not receive any vacation time, sick leave, or retirement benefits.

On January 8, 1999, Plaintiff arrested a woman on charges which included reckless driving. The woman, a friend of the Mayor of Prestonsburg, complained about this arrest. The Mayor met with the City Council's personnel committee to discuss the matter. While no formal action was taken, Plaintiff was moved from night shifts to day shifts. While working day shifts, which primarily required Plaintiff to write tickets, Plaintiff began to make disparaging remarks about the Mayor. Plaintiff's supervisor at the police station told Plaintiff to refrain from such remarks.

On February 8, 1999, Police Chief Conley wrote a letter to Mayor Fannin, recommending Plaintiff's termination. The letter indicated that Conley had observed Plaintiff at his home, two miles outside the city limits, at a time when Plaintiff was supposed to be on duty within the city limits. Plaintiff was also cited as violating "call in" procedures, and for failure to attend Fire Range Qualification training.

On March 10, 2000, the City Council personnel committee met to discuss Conley's letter. A motion was passed to terminate Plaintiff. Plaintiff was terminated on March 15, 2000.

**Discussion**

As all factual evidence must be interpreted in a light most favorable to the non-moving party, it is conceivable that the plaintiff was discharged for one of three reasons. First, the plaintiff may have been discharged because a citizen, who happened to be a friend of the Mayor's, lodged a complaint against him. Second, Plaintiff may have been discharged for making disparaging comments about the Mayor. Finally, Plaintiff may have been discharged for cause due to his alleged abandonment of post during his scheduled shift, failure to follow reporting procedures, or failure to participate in firearms training.

If Plaintiff was discharged for the negative comments he made regarding the Mayor, the plaintiff claims said discharge was illegal and in violation of his First Amendment rights. If Plaintiff was discharged due to a citizen complaint, Plaintiff argues he was entitled to a hearing under KRS 15.520. If Plaintiff was discharged due to inefficiency or misconduct, Plaintiff contends that he was entitled to rights promulgated under KRS 95.765.

First, the plaintiff's Fourteenth Amendment claims under KRS 15.520 and KRS 95.765 will be discussed. The Court will then turn to Plaintiff's First Amendment argument.

■ Plaintiff argues that KRS 15.520 protects him from discharge based on a citizen's complaint. Once the City Counsel had grounds to discharge him, Plaintiff argues that he was entitled to a hearing. Unfortunately, KRS 15.520(4) states that the hearing rights outlined in the statute "apply only to police officers of local units of government who receive funds pursuant to KRS 15.410 through 15.992." KRS 15.520(4). The statute clearly indicates that the rights vest only in "officers...*who* receive funds". *Id.* Plaintiff was not receiving funds under this program. In fact, Plaintiff was ineligible to receive funds under this program as he had not yet completed the 400 hours of training required to receive funding under the "Law Enforcement Foundation Program Fund." KRS 15.440(4). Regardless

of Plaintiff's full time or part time status, he is not eligible for the mandatory hearing procedures created under KRS 15.520.

 Second, Plaintiff is not eligible for the hearing requirements promulgated under KRS 95.765. In order for a city to be required to comply with the due process requirements outlined in KRS 95.765, the city must have adopted a civil service system. *City of Pikeville v. May*, 374 S.W.2d 843 (Ky.1964). The affidavit of the Mayor of Prestonsburg clearly indicates that no such system is in place in Prestonsburg, therefore, the rights outlined in KRS 95.765 are not available to the Plaintiff.

Finally, Plaintiff does not have a Fourteenth Amendment claim under Prestonsburg's Personnel Policies and Procedures Manual. This document clearly states that "unless otherwise provided in writing, employment should be at will; therefore, either party may terminate the relationship at any time and for any lawful reason." Defendants' Motion, Exhibit 2. As Plaintiff has not shown a writing implying otherwise, he was an employee at will and could be fired for cause, or without cause.

Plaintiff's claim that his First Amendment rights were violated requires analysis of the nature of his comments regarding the Mayor. During his deposition, Plaintiff testified that he had complained about how the Mayor had moved him from the night shift to daytime traffic detail. These comments concerned the personal impact that the Mayor's decision had on the Plaintiff. This issue was not a matter of public concern.

For a free speech claim to be successful against an employer, Plaintiff must assert that his exercise of free speech regarded a matter of public concern. *Jackson v. City of Columbus*, 194 F.3d 737, 746 (6th Cir.1999). As Plaintiff's complaints involved the personal impact of a personnel decision, it was not a comment concerned with political or social issues that effected the community. As the plaintiff's

comments about the Mayor were not matters of public concern, Plaintiff's First Amendment rights were not triggered when he was discharged.

Accordingly,

**IT IS ORDERED**

(1) That the defendants' motion for summary judgment [Record No. 16] be, and the same hereby is, **GRANTED.**

(2) That this case be, and the same hereby is, **DISMISSED FROM THE ACTIVE DOCKET.**